UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHER CONRAD SUAREZ,

    Plaintiff,

v.

JEFFREY BEARD, et al.,

    Defendants.

Case No. 15-cv-05756-HSG

**ORDER GRANTING MOTION TO STAY DISCOVERY**

Re: Dkt. No. 30

Plaintiff, a California prisoner incarcerated at California State Prison – Solano, filed this *pro se* civil rights action under 42 U.S.C. § 1983, claiming that prison officials violated his constitutional rights when he was previously housed at Pelican Bay State Prison ("PBSP"). On October 14, 2016, Defendants filed a motion to dismiss and for summary judgment. Docket No. 28. Defendants have also filed a motion to stay discovery, Docket No. 30, which, for the reasons set forth below, the Court will GRANT.

## DISCUSSION

A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976). A stay of discovery pending resolution of a potentially dispositive motion is appropriate where the moving party satisfies both elements of a two part test. *Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003). First, the moving party must demonstrate that the "pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which the discovery is directed." *Id.* at 352. Second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery."

1   *Id*. "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary
2   peek' at the merits of the pending dispositive motion to assess whether a stay is warranted."
3   *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).  In
4   addition, a district court should stay discovery until the threshold question of qualified immunity is
5   settled.  *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

6   The Court has taken the prescribed "preliminary peek" at the underlying motion to dismiss
7   and for summary judgment, and notes the following.  The underlying motion argues that
8   Plaintiff's claims for injunctive relief and declaratory relief should be dismissed with prejudice
9   because Plaintiff is no longer housed at PBSP where the alleged constitutional violations took
10  place, that Plaintiff's federal claims are subject to dismissal under the principle of judicial comity
11  and qualified immunity, and that the Court should decline to exercise supplemental jurisdiction
12  over Plaintiff's state-law claims if the federal claims are dismissed.  Docket No. 28.  To support
13  their motion, Defendants argue the alleged constitutional violations were mandated by court orders
14  issued in the court-monitored *Coleman v. Brown* class action (No. 90-520 (E.D. Cal.)).  *Id.* at 3–8.
15  Plaintiff has not responded to this motion and the deadline to do so has since passed.

16  As to the first prong of the two part test, Defendants have shown that the underlying
17  motion to dismiss and for summary judgment is potentially dispositive of this action.  If the
18  motion is granted, this case would be dismissed.

19  Second, based on a review of the issues raised in the underlying motion, the Court has
20  determined that no additional discovery would assist the Court or the parties in resolution of the
21  dispositive motion.

22  Finally, Defendants seek dismissal of this action based on qualified immunity.  The
23  Supreme Court has instructed district courts that where "the defendant does plead the immunity
24  defense, the district court should resolve that threshold question before permitting discovery. *See*
25  *Crawford-El*, 523 U.S. at 598.

26  Based on the foregoing, the Court determines that a stay of discovery pending
27  determination of the motion to dismiss and for summary judgment is justified, and the Court
28  hereby GRANTS Defendants' motion to stay discovery.  Discovery in this matter is stayed

1   pending resolution of Defendants' motion to dismiss and for summary judgment.

2   This order terminates Docket No. 30.

3   **IT IS SO ORDERED.**

4   Dated: 11/21/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge